IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JERRY ALLEN BAILEY,

    Petitioner,

v.

WARDEN, FEDERAL CORRECTIONAL INSTITUTUION,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-14

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Jerry Bailey ("Bailey"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 8), and Bailey filed a Response. (Doc. 10.) For the reasons which follow, I **RECOMMEND** that Respondent's Motion to Dismiss be **GRANTED**, Bailey's Section 2241 Petition be **DISMISSED**, and this case be **CLOSED**. It is also my **RECOMMENDATION** that Bailey be **DENIED** *in forma pauperis* status on appeal.

### **BACKGROUND**

Bailey pleaded guilty to conspiracy to sell, distribute, or dispense cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846 in August 1995. He was sentenced as a career offender pursuant to the United States Sentencing Guidelines, resulting in a 360-month term of imprisonment. (Doc. 8-1, pp. 3, 8.) Bailey filed a direct appeal, and the Fourth Circuit Court of Appeals dismissed his appeal. (Doc. 8-8, p. 2.)

Bailey filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in 1999, which was dismissed as being untimely filed. (Doc. 8-4.) Bailey was able to get one of his predicate state court convictions, upon which his career offender status rested, vacated in 2005. (Doc. 8-6, p. 4.)

Since that time, Bailey has attempted to attack his designation as a career offender on several occasions. For instance, he filed motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), which were denied. (Doc. 8-1, pp. 14–15.) Bailey also filed a petition for writ of error coram nobis, which the trial court dismissed as a successive Section 2255 motion on December 6, 2005. (Doc. 8-8.) Bailey filed another Section 2255 motion in the Western District of North Carolina on August 2, 2012, (doc. 8-9), which was also dismissed as successive. (Doc. 8-10.)

## DISCUSSION

In his current Petition, which was filed on January 26, 2015, Bailey maintains he was improperly sentenced as a career offender because one of his prior convictions has been vacated and requests to be resentenced. (Doc. 1, pp. 6, 8.) Bailey asserts he can show the remedy afforded by Section 2255 is inadequate or ineffective to challenge the legality of his sentence in light of the Solicitor General's position in Persaud v. United States, ___ U.S. ___, 134 S. Ct. 1023 (Jan. 27, 2014). (Id. at p. 11.)

Respondent asserts Bailey does not satisfy the savings clause of Section 2255 and cannot proceed pursuant to Section 2241. Respondent avers Bailey was not sentenced above the applicable statutory range, and the Solicitor General's concession in Persaud—that "[s]entences that exceed the statutory maximum, or that impose a statutory mandatory minimum based on a

2

legal error, are cognizable under the savings clause[ ]"—is irrelevant to Bailey's claims. (Doc. 8, p. 5) (internal citation omitted).[1]

## I. Whether Bailey can Proceed Pursuant to Section 2241

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), *abrogation on other grounds recognized by* United States v. Hill, 799 F.3d. 1318, 1321 n.1 (11th Cir. 2015). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provides two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

---

[1] Persaud is of no precedential value as the Supreme Court did not issue a decision on the merits but instead remanded the case to the Fourth Circuit Court of Appeals in light of the Solicitor General's position. The Fourth Circuit in turn remanded the case to the Western District of North Carolina, and that court has yet to rule on the merits of the Government's position. Persaud v. United States, Case No. 3:12CV509 (W.D. N.C.). In fact, the court granted the Government's Motion to hold Persaud's Section 2241 Petition in abeyance pending the Fourth Circuit's determination in United States v. Surratt, No. 14-6851 (4th Cir.). Id. at Doc. 15. According to the Assistant United States Attorney in that case, the district judge determined "under circumstances identical in all relevant ways to those presented in [Persaud's petition], that [Surratt's] petition was not entitled to relief under § 2241." Id. at p. 2. In Surratt, the Fourth Circuit has affirmed the district court's determination but has stayed the issuance of its mandate pending resolution of the petition for rehearing en banc. Order, United States v. Surratt, No. 14-6851, (Sept. 14, 2015) (4th Cir.), ECF No. 71.

3

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, Wofford's holding establishes two necessary conditions— although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013), the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior Section 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay[ v. United States, 553 U.S. 137 (2008)], as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty [authorized].

Bryant, 738 F.3d at 1274.

In Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (en banc), the Eleventh Circuit majority determined that "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[2] 640 F.3d at 1312. "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or *any other guidelines enhancement*, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Id. at 1320 (emphasis supplied). "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

---

[2] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999).

Bailey was convicted of violating 21 U.S.C. §§ 841 and 846, and the statutory maximum sentence he faced was at least forty years' imprisonment.[3] 21 U.S.C. § 841(b) (West 1994).[4] Bailey's sentence of 360 months' imprisonment did not exceed the statutory maximum. Thus, the Gilbert decision bars Bailey's claims, and he cannot proceed in this Section 2241 Petition pursuant to Section 2255(e)'s savings clause. Bailey does not satisfy the savings clause, and the Court need not address the relative merits of his Section 2241 Petition. Because Bailey has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005). Based on these reasons, Respondent's Motion to Dismiss should be **GRANTED** and Bailey's Section 2241 Petition should be **DISMISSED**.

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny Bailey leave to appeal *in forma pauperis*. Though Bailey has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

---

[3] Pursuant to his plea agreement, Bailey was responsible for "more than 1.5 kilograms of cocaine base[,]" and "[c]onservatively" Bailey was "believed to be responsible for between three and five kilograms of crack cocaine[.]" (Doc. 8-2, pp. 2–3.) Depending on the amount of drugs attributable to Bailey at sentencing, he could have faced a sentence of life imprisonment. 28 U.S.C. §§ 841(b)(1)(A) & (B).

[4] "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. A conviction under Section 846 would necessarily implicate an underlying offense, which in this case, was a violation of 21 U.S.C. § 841(a).

claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Bailey's petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss, (doc. 8), be **GRANTED** and that Bailey's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), be **DISMISSED**, and this case be **CLOSED**. I further **RECOMMEND** that Bailey be **DENIED** leave to proceed *in forma pauperis*.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Bailey and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA